UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STACI PALAZZO, individually
on behalf of herself, and on behalf of all others
similarly situated,

                    **COMPLAINT**

         Plaintiff,

                    **Docket No.:**

    -against-

                    Jury Trial Demanded

ERMINIA RESTAURANT CORPORATION
d/b/a LATTANZI RESTAURANT,

         Defendant.
------------------------------------------------------------------------X

      STACI PALAZZO ("Plaintiff"), individually on behalf of herself, and on behalf of all others similarly-situated ("Class Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against ERMINIA RESTAURANT CORPORATION d/b/a LATTANZI RESTAURANT, alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

      1.     This is a civil class action based upon willful violations that the Defendant committed of Plaintiff and Class Plaintiffs' under the Fair and Accurate Credit Transaction Act ("FACTA").

      2.     The Defendant, a well-known premier Italian restaurant that has been and remains located in the heart of New York's Theater District's Restaurant Row since 1984 is a merchant who accepts credit and debit card payments from customers at their place of business.

3.      In 2003, Congress passed, and the President signed, FACTA, to assist in the prevention of identity theft and credit and debit card fraud.  During the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft.  A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs.  With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

4.      A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

4.      The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions by no later than December 4, 2006.  Although Defendant here had more than three years to comply, they have willfully violated this law and failed to protect Plaintiff and Class Plaintiffs against identity theft and credit card and debit card fraud by continuing to print the expiration date on paper receipts that they provided to Plaintiff and Class Plaintiffs at the point of sale.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act, *et seq*.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

7.    Plaintiff Palazzo is, and at all times relevant hereto was, a resident of the State of New York, County of Nassau.

8.    At all times relevant hereto, Defendant Erminia Restaurant Corporation d/b/a Lattanzi Restaurant is a New York corporation located at 361 West 46th Street, New York, New York 10036 (hereinafter as "Restaurant").

## FACTUAL BACKGROUND

5.    Defendant has owned and/or operated their business within the entire five year period preceding the commencement of this action.

6.    Defendant accepts credit and debit cards from customers to make purchases of food and alcoholic beverages at their Restaurant.

7.    On January 5, 2014, Plaintiff used her personal credit card to pay for a meal that she bought, was served, and ate at the Restaurant.

8.    Defendant provided Plaintiff with a paper receipt at the point of sale, which displayed the expiration date of Plaintiff's credit card.  The entire expiration date of her credit card was printed on the receipt generated and provided to her at the point of sale.

9.    Defendant has routinely presented paper receipts to their customers displaying the entire expiration date for all credit and debit card transactions for the entire five-year period pre-dating the commencement of this action.

10.    The receipt was issued from a cash register that Defendant exclusively maintained, programmed and operated.

11.    Defendant's practice of presenting paper receipts occurs following all purchases made at the Restaurant.

12. On January 5, 2015, after the effective date of the statute, Defendant accepted electronic payments from Plaintiff and then provided Plaintiff with an electronically printed receipt, on which Defendant printed the expiration date of Plaintiff's credit card.

13. Similarly, Defendant, at the point of sale or transaction with Class Plaintiffs, provided each member of the class with one or more electronically printed receipts, and on each of which, Defendant printed, for each respective Class Plaintiff, more than the last five digits of such person's credit card or debit card number and/or the expiration date of such person's credit or debit card.

14. Defendant knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and the prohibition on printing expiration dates or more than the last five digits of each card number on receipts.

15. After enactment of the statute, Visa, MasterCard, and the PCI Security Standards Council – a consortium founded by Visa, MasterCard, American Express and JCB ("Card Issuing Organizations") – companies that sell cash registers and other devices for the processing of credit card and debit card payments, and other entities, informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition of printing expiration dates on receipts, along with Defendant's need to comply with the statute.

16. In addition, this requirement was widely publicized among retailers.

17. As part of their merchant rules or card management guidelines, which were provided and agreed to by retailers, such credit card companies regulate the truncation of certain consumer information on receipts and impose penalties on merchants who failed to comply with

them. Said companies sent literature to Defendant informing them of their requirements under FACTA.

18.   In order to assure compliance with FACTA, the Card Issuing Organizations required compliance with FACTA by contract in advance of FACTA's mandatory compliance date. For example, the August 12, 2006, edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa-branded credit and debit cards, expressly requires that "only the last 4 digits of an account number should be printed on the customer's copy of the receipt" and the "expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed.  Visa required compliance by July 1, 2006, five months ahead of the statutory deadline. These "Rule for Visa Merchants" were distributed to Defendant after the enactment of the statute.

19.   The 2011 version of the "Card Acceptance Guidelines for Visa Merchants," which is distributed to and binding on all merchants that accept Visa cards, including Defendant, expressly requires, among other things, that "all but the last four digits of the account number be suppressed on the cardholder copy of the transaction receipt." These rules were in place prior to Plaintiff's foregoing transactions. Defendant accepts Visa-branded credit cards and therefore are parties to a contract requiring compliance with this requirement.

20.   In May 2007, the Federal Trade Commission issued a press release detailing the foregoing truncation requirements of FACTA.

21.   Despite knowledge about FACTA and its importance, and despite having had up to more than three years to comply with FACTA's requirements, Defendant willfully violated and continues to violate FACTA's requirements by, *inter alia*, printing more than five digits of

the card number and/or the expiration date upon the receipts that they provided to Class Plaintiffs – persons with whom Defendant transacts business.

22.    Most of Defendant's peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same. Defendant did not care to do so.

## CLASS ALLEGATIONS

23.    Plaintiff brings this action individually on behalf of herself, and on behalf of all others similarly situated pursuant to Federal Rules of Civil Procedure ("FRCP") 23(b).

24.    Under the FRCP 23(b)(3), a plaintiff must plead that:

a.    The class is so numerous that joinder is impracticable;

b.    There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.    Claims or defenses of the representative are typical of the class;

d.    The representative will fairly and adequately protect the class; and

e.    A class action is superior to other methods of adjudication.

25.    The Rule 23 Class that Plaintiff seeks to define includes:

All persons to whom Defendant, within the five-year period pre-dating the commencement of this action, provided an electronically printed receipt at the point of sale or transaction on which Defendant printed: (1) more than the last five digits of the person's credit card or debit card number; and/or (2) the expiration date of the person's credit card number.

6

<u>Numerosity</u>

26.    The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

27.    During the previous five years, Defendant has printed, at minimum, tens of thousands of receipts in their Restaurant during point of sale transactions containing FACTA-prohibited information.

28.    The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's sales and transaction records.

29.    Class Plaintiffs may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or some combination thereof, or by other methods suitable to this class and that the Court deems necessary and/or appropriate.

<u>Common Questions of Law and/or Fact</u>

30.    There are common questions of law and fact that govern the claims that are available to each and every Class Plaintiff, including but not limited to the following:

a.    Whether Defendant's conduct of providing Plaintiff and Class Plaintiffs with a sales or transaction receipt whereon Defendant printed more than the last five digits of the credit card or debit card number and/or the expiration date of the credit card or debit card violated FACTA, 15 U.S.C. §§1681 et seq.;

b.    Whether Defendant's conduct was willful; and

c.  Whether Plaintiff and Class Plaintiffs are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct.

## Typicality of Claims and/or Defenses

31.  Plaintiff's claims are typical of the claims of Class Plaintiffs. The claims of Plaintiff and Class Plaintiffs are based on the same legal theories and arise from the same unlawful and willful misconduct of the Defendant.

32.  Plaintiff and Class Plaintiffs were each customers of Defendant, each having made a purchase or transacted other business with Defendant using a credit card and/or debit card.

33.  At the point of such sale or transaction with Plaintiff and Class Plaintiffs, Defendant provided to Plaintiff and Class Plaintiffs a receipt in violation of 15 U.S.C. §1681c(g).

## Adequacy

34.  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the Class Plaintiffs. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the Class Plaintiffs. In addition, Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation. Plaintiff is also eager to participate in this litigation, and anticipates providing sworn testimony and otherwise participating in discovery.

## Superiority

35.  Plaintiff has no material facts relating to the Class Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Class Plaintiffs.

8

36. While the aggregate damages that may be awarded to the Class Plaintiffs are likely to be substantial, the damages suffered by the individual members of the class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for Class Plaintiffs to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy. The likelihood of the Class Plaintiffs prosecuting separate claims is remote.

37. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, conducting this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class. Plaintiff does not know of any difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

38. Accordingly, this means of protecting the Class Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a Class Action under FRCP 23(b)(3).

## FIRST CLAIM FOR RELIEF

### For Violation of 15 U.S.C. §§1681 *et seq.*
### (On Behalf of Plaintiff and Class Plaintiffs)

39. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

40. Plaintiff asserts this claim on behalf of herself and Class Plaintiffs against Defendant.

41. Title 15 U.S.C. §1681c(g)(1) provides that:

9

no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

42.     As described above, Defendant transacts business in the United States and accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and Class Plaintiffs.  In transacting such business, Defendant possesses and use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

43.     Defendant willfully and repeatedly violated FACTA.

44.     Defendant's willful and repeated violations of FACTA exposed Plaintiff and Class Plaintiffs to an increased risk of identity theft and credit and/or debit card fraud.

45.     As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and Class Plaintiffs in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

46.     As a result of Defendant's willful violations of FACTA, Plaintiff and Class Plaintiffs are also entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. §1681n(a)(3).

47.     As a result of Defendant's willful violations of FACTA, Plaintiff and Class Plaintiffs are entitled to recover punitive damages. 15 U.S.C. §1681n(a)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually on behalf of himself, and on behalf of all Class Plaintiffs, prays for:

a. An order certifying the class and appointing Plaintiff as the representatives of the class, and appointing counsel for Plaintiff as counsel for the class;

10

b. An award to Plaintiff and Class Plaintiffs of statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) for Defendant's willful violations of FACTA;

c. An award to Plaintiff and Class Plaintiffs of punitive damages pursuant to 15 U.S.C. §1681n(a)(2) (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

d. Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

e. Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. §1681n(a)(3);

f. A service payment to Plaintiff; and

g. For other and further relief as the Court may deem proper.

Dated: New York, New York
April 30, 2015

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel.:    (516) 248 – 5550
Fax.:    (516) 248 – 6027

By:    _____
JOSEPH P. GRIFFIN (JG 5518)
MICHAEL J. BORRELLI (MB 8533)
ALEXANDER T. COLEMAN (AC 1717)

11